CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 29, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NATHANIEL BRUCE DUNMORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:24cv00134 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRENDA S. HAMILTON, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |        United States District Judge |
| Defendants. | ) | |

Plaintiff Nathaniel Bruce Dunmore, an inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against a state court judge, the Roanoke City Clerk of Court, a deputy clerk, and staff at the Roanoke City Jail. Dunmore seeks leave to proceed *in forma pauperis* with this action. Having reviewed Dunmore's application and complaint, the court grants his request to proceed *in forma pauperis* but will dismiss his claims against the defendant judge for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Dunmore alleges that the Clerk of Court and a deputy clerk violated his federal rights when they mailed a copy of his motion to quash the indictment and capias to another inmate at the Roanoke City Jail, resulting in the other inmate having access to sensitive details from Dunmore's criminal case as well as several of Dunmore's personal identifiers. Dunmore claims that, after the other inmate received a copy of his motion, inmates in the jail threatened his life. Dunmore summarily argues that the state court judge "placed [his] life in danger," but does not describe any action taken by the judge.

## II.

Dunmore's claim against the judge fails because he alleges no facts against the judge and, in any event, the judge is entitled to absolute immunity for any actions taken in his judicial discretion.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Because Dunmore does not allege any action or inaction by the defendant judge, the court cannot find that the judge violated Dunmore's federal rights.

To the extent Dunmore names the judge as a defendant because he presided over Dunmore's criminal case, his claim fails. Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion.[1] *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09cv12, 2009 U.S. Dist. LEXIS 114247, at *6, 2009 WL 4730716, at *2 (E.D. Va. Dec. 8, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations

---

[1] Only two exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions, "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11−12 (1991) (citation omitted).  Dunmore does not allege facts to show that either exception applies here.

omitted), *overruled on other grounds by Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). Judges are entitled to immunity even if "the action [they] took was in error, was done maliciously, or was in excess of [their] authority . . . ." *Stump*, 435 U.S. at 356. To the extent Dunmore named the judge because he presided over Dunmore's criminal proceeding, the judge is entitled to judicial immunity.

### III.

For the reasons discussed, the court will dismiss Dunmore's claims against the judge for failure to state a claim under § 1915(e)(2)(B)(ii). The court will proceed with this action against the remaining defendants by separate order.

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to Dunmore.

**ENTERED** this 29th day of April, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE