CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 12, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NATHANIEL BRUCE DUNMORE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00134 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CLERK BRENDA S. HAMILTON, *et al.*, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Nathaniel Bruce Dunmore, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Clerk Brenda S. Hamilton, Deputy Dillon, Sgt. Jones, Major J. Williams, and the unnamed Deputy Clerk of Roanoke Circuit Court.[1] (*See* Compl. 1 [ECF No. 1].) Defendants Brenda S. Hamilton and the unnamed Deputy Clerk of Roanoke Circuit Court (the "Clerk Defendants") and Defendants Deputy Dillon, Sgt. Jones, and Major J. Williams (the "Jail Defendants") have filed motions to dismiss Plaintiff's claims against them. (*See* Clerk Defs.' Mot. to Dismiss [ECF No. 20]; Jail Defs.' Mot. to Dismiss [ECF No. 21].) For the following reasons, the Court will grant both motions and dismiss this action in its entirety.

I.

Plaintiff alleges that the Clerk Defendants violated his Eighth and Fourteenth Amendment rights by "breaking [his] confidentiality" and mailing a copy of a motion to quash indictment he filed in his criminal case to another inmate at the Roanoke City Jail.

---

[1] Plaintiff also brought a claim against Judge Adam Mosely, but that claim has been dismissed. (*See* Or., Apr. 29, 2024 [ECF No. 12].)

(Compl. 2.) Plaintiff claims that, in doing so, the Clerk Defendants prejudiced the jury at his criminal trial against him and endangered his life by leading the recipient inmate and others to threaten him. (*Id.* at 3.) Plaintiff further alleges that the copy of his motion contained his name, birthdate, and social security number, and he implies that the inmate used the personally identifiable information mailed with the motion to identify him and facilitate the threats. (*Id.*)

Plaintiff alleges that, on January 24, 2024, after he presumably reported his concerns to Major J. Williams, Defendant Williams informed Plaintiff that his issue was not with the Roanoke City Jail but with the Clerk of Courts and advised Plaintiff to contact an attorney concerning any claim he may have. (*Id.* at 1.) Plaintiff filed this action on February 20, 2024, seeking $250,000 in damages. (*Id.* at 1–2.)

The Clerk Defendants jointly move to dismiss the claims against them under Federal Rules of Civil Procedure 4(m) and 12(b)(6) based on Plaintiff's failure to properly name the Deputy Clerk for the Circuit Court of the City of Roanoke in his complaint and for failure to state a claim for which relief may be granted. (*See* Clerk. Defs.' Mot. to Dismiss 1–2.) The Jail Defendants have also jointly moved to dismiss Plaintiff's claims under Rule 12(b)(6), arguing that Plaintiff has failed to state any plausible claims for relief against them. (*See* Jail Defs.' Mot. to Dismiss 1–2.) Both motions are ripe for review, and for the reasons explained below, the Court will grant both motions and dismiss each of Plaintiff's claims under Rule 12(b)(6) for failure to state a claim.[2]

---

[2] Because the Court finds dismissal is appropriate under Rule 12(b)(6), it need not consider the unnamed Deputy Clerk's alternative argument for dismissal under Rule 4(m).

## II.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief' as required by Rule 8." *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.

Plaintiff purports to bring his claims under 42 U.S.C. § 1983, which authorizes a civil action by a citizen who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).

### A. The Jail Defendants

Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires concise factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by the defendant) (internal citation and quotation omitted). The Jail Defendants argue that Plaintiff's complaint does not contain any factual allegations that would support a constitutional claim against them. (*See* Memo. in Supp. of Jail Defs.' Mot. to Dismiss 4–5 [ECF No. 21-1].) The court agrees.

- 4 -

Although Plaintiff has named Williams, Jones, and Dillon as defendants, he has not identified what any of them did to violate his rights. Plaintiff claims only that Defendant Williams told Plaintiff he had no issue with the jail and to pursue any relief from the Clerk of Courts. (Compl. 2.) He makes no allegations whatsoever concerning the actions of Defendants Dillon or Jones and does not claim that any of the Jail Defendants violated his constitutional rights. (*See id.* 1–2.) Because Plaintiff has not made any allegations concerning the Jail Defendants' personal involvement in the alleged violation of his constitutional rights, the court will grant their motion and dismiss Plaintiff's claims against them. *See Wilcox*, 877 F.3d at 170; *Truock*, 275 F.3d at 402.

### B. The Clerk Defendants

Plaintiff also fails to state plausible claims for relief against either of the Clerk Defendants. First, Plaintiff's allegations do not support any § 1983 claim based on the violation of his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment's guarantee against cruel and unusual punishment only protects post-conviction detainees. *See Short v. Hartman*, 87 F.4th 593, 606 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 2631, 219 L. Ed. 2d 1269 (2024) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–37 & n.16 (1979)); *see also Ingraham v. Wright,* 430 U.S. 651, 671–672, n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."). Here, Plaintiff's own allegations make clear that he was not a convicted prisoner at the time the Clerk Defendants

mailed his motion to quash but that he was, rather, a pretrial detainee awaiting his criminal trial. (*See* Compl. 1–3.) Consequently, he was not subject to Eighth Amendment protections during the events described in the complaint, and the court will dismiss his claims based on the violation of such protections.

And although the Fourteenth Amendment's protection against deprivations of life, liberty, or property without due process of law is applicable here, it is categorically not violated by state action that is merely negligent. *See Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) ("The language and the purpose of the Due Process Clause . . . restrict violations thereof to official conduct that entails some measure of deliberateness. . . . [N]egligent deprivations of life, liberty or property are not actionable under 42 U.S.C. § 1983."). Because negligent conduct cannot support § 1983 claims, courts in this Circuit have repeatedly dimissed § 1983 claims against clerks who negligently impede the due process rights of litigants. *See, e.g.*, *Claybrooks v. Pugh*, No. CV PJM-08-624, 2008 WL 11483444, at *1 (D. Md. Mar. 18, 2008), *aff'd*, 289 F. App'x 605 (4th Cir. 2008) (dismissing § 1983 claim against state court clerk for failing to timely place plaintiff's motion to appoint counsel in his case file); *Landholt v. McBride*, No. 3:22-CV-2599-SAL, 2023 WL 8596041, at *4 (D.S.C. Dec. 12, 2023) (dismissing § 1983 claim against deputy clerk of court who failed to recall bench warrant for plaintiff's arrest because there was no evidence that the deputy acted deliberately or intentionally); *Lowery v. McDowell Cnty. Superior Ct.*, No. 1:18-CV-00319-MR, 2020 WL 6875151, at *2 (W.D.N.C. Nov. 23, 2020) (dismissing § 1983 claim against clerk for failing to file plaintiff's motion, even where plaintiff made conclusory allegation that the failure was deliberate, because the complaint lacked "any plausible allegation that the failure to file his

motion was the result of an intentional or deliberate deprivation of his constitutional rights"); *Harper v. Currituck Cnty. Clerk of Cts.*, No. 506-CT-3004-D, 2006 WL 4719768, at *2 (E.D.N.C. Nov. 16, 2006), *aff'd sub nom. Harper v. Currituck Cnty. Clerk of Cts.*, 220 F. App'x 171 (4th Cir. 2007) (dismissing § 1983 claim against clerk of court based on her miscalculation of plaintiff's time-served where "plaintiff [did] not allege deliberateness in connection with the alleged miscalculation"); *Grate v. White*, No. 4:07-2949HMHTER, 2007 WL 2903991, at *3 (D.S.C. Oct. 2, 2007) (holding that clerk's "negligent failure to send a copy of the order to the Office of the Attorney General is not actionable under 42 U.S.C. § 1983"); *see also Pink*, 52 F.3d at 76 (holding that a prison official's "unintended misrouting of a routine money order request is too far afield from state action used for purposes of oppression to constitute a violation of the Due Process Clause").

Plaintiff's allegations in this case do not allow the court to reasonably infer that the Clerk Defendants intentionally or deliberately sent his motion to another inmate. Instead, the complaint suggests that the Clerk Defendants acted only negligently in their mailing error. *Cf. Williams v. Glover*, No. CA 6:10-1591-TLW-KFM, 2010 WL 6872297, at *5 (D.S.C. July 12, 2010), *report and recommendation adopted*, No. 6:10-CV-1591-TLW-KFM, 2011 WL 2682170 (D.S.C. July 11, 2011), *aff'd*, 461 F. App'x 315 (4th Cir. 2012) (holding that clerk of court's mailing court documents to public defendant rather than to plaintiff himself was "[a]t best" negligence and did not support a § 1983 claim); *Wright v. Wilson*, No. 3:23CV746, 2024 WL 4648097, at *4 (E.D. Va. Oct. 31, 2024) ("[Plaintiff's] allegations that Defendant Wilson mistakenly gave [his] legal mail to another inmate sound, at most, in negligence.") (citing *Pink*, 52 F.3d at 75). Because negligent conduct cannot support a § 1983 claim based

on a due process violation, the court must dismiss Plaintiff's Fourteenth Amendment claims against the Clerk Defendants as well. *See Pink*, 52 F.3d at 75–76. And because Plaintiff has not stated a plausible § 1983 against Hamilton or the Deputy Clerk, the Court will grant their motion to dismiss the claims against them.

### C. Plaintiff's Rule 12(d) Argument

As a final note, the additional evidence Plaintiff seeks to offer in support of his claims does not alter this Court's ruling on Defendants' motions to dismiss. (*See* Pl.'s Resp. in Opp'n to Defs.' Mots. to Dismiss [ECF No. 24]; Pl.'s Aff. [ECF No. 24-1]; Pl.'s Supp. Docs. [ECF No. 24-2].) As Plaintiff acknowledges, courts deciding motions to dismiss under Rule 12(b)(6) are limited to considering only the sufficiency of the allegation in the complaint and the documents attached to or incorporated by reference in the complaint. *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). And under Federal Rule of Civil Procedure 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But the decision of whether to convert a motion to one for summary judgment is committed to the discretion of the district court, *Miller v. Md. Dep't of Nat. Res.*, 813 F. App'x 869, 873 (4th Cir. 2020), and courts should refrain from such conversion where, as here, "the parties have not had an opportunity for reasonable discovery." *E.I. du Pont*, 637 F.3d at 448–49 (citing *Gay v. Wall*, 761 F.2d 175, 178 (4th Cir. 1985).

In ruling on Defendants' motions to dismiss, the court limited its consideration to only those materials appropriate for such motions—namely, the complaint itself.[3] Although Plaintiff's response in opposition to Defendants' motions arguably offers additional allegations and claims, Plaintiff has not sought leave to amend his complaint to include any of these new claims or allegations. Having excluded materials outside the pleadings from its Rule 12(b)(6) consideration, the court finds that the allegations contained in the operative pleading fail to state any plausible claim for relief.[4]

## IV.

For the reasons set forth above, the Court will grant the motions to dismiss filed by the Clerk Defendants (ECF No. 20) and the Jail Defendants (ECF No. 21).[5]

**ENTERED** this 12th day of March, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[3] Because the court resolves Defendants' motions without considering Plaintiff's affidavit or supporting documents, the court will deny the Clerk Defendants' related motion to quash Plaintiff's affidavit (ECF No. 27) as moot.

[4] To the extent Plaintiff's motion to quash indictment (ECF No. 24-2) is a matter of public record and thus subject to judicial notice and consideration without converting Defendants' 12(b)(6) motions to ones for summary judgment, *see Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), the court finds that the contents of the motion—absent any indication that it was deliberately sent to the wrong inmate—has no effect on the court's analysis.

[5] The court acknowledges that Plaintiff has filed a petition for writ of mandamus in the U.S. Court of Appeals for the Fourth Circuit, asking the Court of Appeals to require this Court "to respond" to Plaintiff's notice of change of address and to "send [him] and update of everything filed" in this case. (*See* USCA Notice [ECF No. 31].) The Court of Appeals has not yet resolved Plaintiff's petition, but Plaintiff has not sought a stay of the proceedings in this Court pending the Fourth Circuit's decision. *See* Fed. R. App. P. 8(a)(1)(A) (instructing that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal"). Accordingly, this court has the authority to rule on Defendants' motions to dismiss, despite the pendency of Plaintiff's petition. *See Nken v. Holder*, 556 U.S. 418, 433 (2009) ("A stay is not a matter of right . . . . The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.") (citations omitted).